UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTWAN CHAVERS,

    Petitioner,

v.   Case No. 8:24-cv-818-MSS-LSG

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**O R D E R**

Chavers petitions for a writ of habeas corpus under 28 U.S.C. § 2254 and challenges his state court convictions for sexual battery. (Doc. 1) The Respondent asserts that the amended petition is time barred. (Doc. 11) After reviewing the amended petition, the response, and the relevant state court record, the Court **DISMISSES** the petition as time barred.

**PROCEDURAL HISTORY**

Chavers pleaded guilty to three counts of sexual battery on a minor by a custodian. (Doc. 11-2 at 18) The trial judge sentenced Chavers to thirty years in prison for one conviction, a concurrent thirty years in prison for the second conviction, and a consecutive thirty years of probation for the third conviction. (Doc. 11-2 at 21–23) Chavers did not appeal but engaged in extensive post-conviction litigation, and the post-conviction court denied relief.

On March 15, 2021, Chavers placed in the hands of prison officials for mailing a federal habeas petition. *Chavers v. Sec'y, Dep't Corrs.*, No. 8:21-cv-663-MSS-JSS (M.D. Fla.), ECF No. 1. This Court dismissed the petition because Chavers asserted a claim based only

1

on state law and granted Chavers leave to file an amended petition. *Chavers*, No. 8:21-cv-663-MSS-JSS (M.D. Fla.), ECF No. 2. Because Chavers failed to file an amended petition, the Court dismissed the action without prejudice for lack of prosecution. *Chavers*, No. 8:21-cv-663-MSS-JSS (M.D. Fla.), ECF No. 3.

On March 29, 2024, Chavers placed in the hands of prison officials for mailing the federal habeas petition in this case. (Doc. 1) In an amended petition, Chavers asserts that his sentences violate the U.S. Constitution, and that trial counsel deficiently performed by failing to assert that the prosecutor lacked jurisdiction to prosecute him in Florida for a crime that occurred outside the State of Florida. (Doc. 1 at 5, 7)

## ANALYSIS

A one-year statute of limitation applies to a federal habeas petition challenging a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation period begins to run "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

On May 2, 2014, the trial judge signed Chavers's judgment and sentence (Doc. 11-2 at 18–27), and on May 27, 2014, the state court clerk docketed the judgment and the sentence. (Doc. 11-2 at 18–27) A defendant must file a notice of appeal not later than thirty days after the rendition of the sentence. Fla. R. App. P. 9.140(b)(3). On May 20, 2014, Chavers, through counsel, timely filed a motion to withdraw his plea. (Doc. 11-2 at 13) Fla. R. Crim. P. 3.170(l) (authorizing a defendant who pleads guilty, without reserving the right to appeal, to move to withdraw a plea not later than thirty days after the rendition of the sentence).

The filing of the motion to withdraw the plea, before the time to appeal expired, tolled the rendition of the sentence. Fla. R. App. P. 9.020(h)(1)(I). The time to appeal tolled until June 16, 2014, when Chavers withdrew the motion to withdraw his plea. (Doc. 11-2 at 29) Consequently, the time to appeal started on June 17, 2014, and expired thirty days later — July 17, 2014. The limitation under Section 2244(d)(1)(A) started to run the next day. Fed. R. Civ. P. 6(a)(1)(A).

The limitation ran for 365 days and expired July 20, 2015.[1] On March 29, 2024, Chavers placed in the hands of prison officials for mailing his federal petition. (Doc. 1 at 1)[2] Consequently, Chavers's petition is untimely.

"[A] properly filed application for State post-conviction or other collateral review" tolls the limitation. 28 U.S.C. § 2244(d)(2). Chavers did not properly file any post-conviction motion that tolled the limitation.

On March 12, 2015, June 10, 2015, July 31, 2015, and August 3, 2015, Chavers filed several post-conviction motions. (Doc. 11-2 at 31, 34–35, 38) The post-conviction court struck the motions as facially deficient and granted leave to amend. (Doc. 11-2 at 38) On August 28, 2015, and September 17, 2015, Chavers filed two amended post-conviction motions. (Doc. 11-2 at 40–43, 45) The post-conviction court struck the amended motions as facially deficient and granted leave to amend. (Doc. 11-2 at 45) On December 21, 2015, Chavers filed a motion

---

[1] Because July 18, 2015, fell on a Saturday, the deadline extended to Monday, July 20, 2015. Fed. R. Civ. P. 6(a)(1)(C).
[2] The federal petition in this case does not relate back to the federal petition filed in the earlier action that was dismissed without prejudice for lack of prosecution. *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000) ("[A] Section 2254 petition cannot relate back to a previously filed petition that has been dismissed without prejudice because there is nothing for the current petition to relate back to.").

titled "Motion to Amend 3.850." (Doc. 11-2 at 47–49) The post-conviction court struck the motion as facially deficient and granted leave to amend. (Doc. 11-2 at 53–54)

On June 7, 2016, and July 20, 2016, Chavers filed two second amended post-conviction motions titled "Motion for Post-Conviction Relief — Ineffective Assistance of Counsel." (Doc. 11-2 at 56–59, 61–66, 71–72) The post-conviction court dismissed the second amended motions with prejudice as facially deficient (Doc. 11-2 at 71–72) (state court record citations omitted):

> This matter is before the court upon Defendant's Motion for Post-conviction Relief — Ineffective Assistance of Counsel, filed on June 7, 2016, and Motion for Post-conviction Relief — Ineffective Assistance of Counsel, filed on July 20, 2016, both filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. Also before the court is Defendant's Motion for Court Appointed Attorney. After consideration of the motions, and being otherwise fully informed, the court finds as follows:
>
> The Defendant's motions are facially insufficient and do not meet the requirements of Rule 3.850(n)(2), Florida Rules of Criminal Procedure, requiring that the Defendant certify that he can understand English or that the motion was translated to him.
>
> The Defendant has continually filed motions with this court that have failed as to facial sufficiency and that have not met the requirements of Rule 3.850(n)(2), Florida Rules of Criminal Procedure. The Defendant has continually been advised of these deficiencies. In this court's last order striking the Defendant's motion, the court granted "the Defendant one final opportunity to file a facially sufficient motion." The Defendant's instant motions are again facially insufficient.
>
> Based on the above, it is ordered and adjudged that: (1) Defendant's Motion for Post-conviction Relief — Ineffective Assistance of Counsel, filed on June 7, 2016, and Motion for Post-conviction Relief — Ineffective Assistance of Counsel, filed on July 20, 2016, are denied. (2) Defendant's Motion for Court Appointed Attorney is denied. Defendant has thirty days from the date of this order in which to appeal this order to the Second District Court of Appeal.

Chavers appealed, and the state appellate court affirmed. (Doc. 11-2 at 82)

Under Rule 3.850(n)(2), Florida Rules of Criminal Procedure, when filing a motion for post-conviction relief, "[t]he defendant shall either certify that the defendant can understand English or, if the defendant cannot understand English, that the defendant has had the motion translated completely into a language that the defendant understands." A post-conviction motion that fails to comply with Rule 3.850(n)(2) is not "properly filed" and does not toll the limitation under Section 2244(d)(2). *Hall v. Sec'y, Dep't Corrs.*, 921 F.3d 983, 987 (11th Cir. 2019). Because Chavers failed to file an amended motion that complied with Rule 3.850(n)(2), neither his initial Rule 3.850 motion nor any amended motion tolled the limitation. *Bates v. Sec'y, Dep't Corrs.*, 964 F.3d 1326, 1328 (11th Cir. 2020) ("[A] compliant Rule 3.850 motion relates back to the date of filing of a noncompliant motion, such that the compliant motion was 'properly filed' and 'pending' as of that date for purposes of tolling the limitations period in section 2244 of Title 28.").

Even if Chavers properly filed an amended Rule 3.850 motion that both related back to the date that Chavers filed the initial Rule 3.850 motion and tolled the limitation, the federal petition is still untimely. The limitation started to run on July 18, 2014. On March 4, 2015, Chavers placed in the hands of prison officials for mailing the initial Rule 3.850 motion. (Doc. 11-2 at 31) Consequently, when Chavers filed the initial Rule 3.850 motion, 229 days had run on the limitation. The limitation would have tolled until August 15, 2017, when the mandate issued on post-conviction appeal, and it would have resumed the next day. (Doc.

11-2 at 84) *Nyland*, 216 F.3d at 1267. The limitation would have run for another 136 days and expired on January 2, 2018.[3]

On March 29, 2024, Chavers placed in the hands of prison officials for mailing his federal petition. (Doc. 1 at 1) Consequently, even if the Rule 3.850 proceedings tolled the limitation, Chavers still untimely filed the petition.

On August 9, 2017, Chavers placed in the hands of prison officials for mailing a motion titled "Motion for Arrest of Judgment Pursuant to Rule 3.610(b) and (d)." (Doc. 11-2 at 86–87) The post-conviction court dismissed the motion as untimely (Doc. 11-2 at 90):

> This matter is before the court upon Defendant's Motion for Arrest of Judgment Pursuant to Rule 3.610(b) and (d), filed pursuant to Rule 3.610, Florida Rules of Criminal Procedure. Also, before the court is Defendant's Motion for Court Appointed Attorney. After consideration of the motions, and being otherwise fully informed, the court finds as follows:
>
> The Defendant's motion as filed pursuant to Rule 3.610, Florida Rules of Criminal Procedure, is untimely. Per Rule 3.590, Florida Rules of Criminal Procedure, the Defendant's motion must be filed within ten days of the rendition of the judgment in this case. The Defendant entered a negotiated plea and was sentenced in May of 2014.

Because the post-conviction court dismissed the motion as untimely, the motion was not "properly filed" and did not toll the limitation under Section 2244(d)(2). *Jones v. Sec'y, Fla. Dep't Corrs.*, 906 F.3d 1339, 1350 (11th Cir. 2018) ("*Pace* is quite emphatic on this point: 'When a postconviction petition is untimely under state law, that is the end of the matter for purposes of Section 2244(d)(2).'") (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005)).

---

[3] Because December 30, 2017, fell on a Saturday, the deadline would have extended to Tuesday, January 2, 2018. Fed. R. Civ. P. 6(a)(1)(C).

On February 23, 2018, Chavers filed a motion titled "Motion for Abeyance Asking the Court Not to Rule on the Motion for Manifest Injustice." (Doc. 11-2 at 92) On May 14, 2018, Chavers filed a motion titled "Supplement Grounds." (Doc. 11-2 at 97) On July 13, 2018, Chavers filed a letter asserting that his plea agreement was unlawful and violated his federal rights. (Doc. 11-2 at 102) On February 11, 2020, Chavers filed a motion titled "Motion for Relief of Judgment and Sentence Based on Lack of Subject Matter Jurisdiction and Requests for Emergency Habeas Corpus Instanter." (Doc. 11-2 at 114) On October 4, 2021, Chavers filed a petition for a writ of habeas corpus in the state trial court. (Doc. 11-2 at 158–63) On August 15, 2023, Chavers filed a second petition for a writ of habeas corpus in the state trial court. (Doc. 11-2 at 180–87)

As explained above, the limitation expired at the latest on January 2, 2018. Even if these documents were "properly filed" under Section 2244(d)(2), the filings did not toll the limitation because Chavers filed the documents after the limitation expired. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.").

Chavers does not argue that the limitation equitably tolled or that a miscarriage of justice based on actual innocence excuses the time bar. (Docs. 7 at 13–14 and 14) *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010).

If Chavers intends to assert that he is actually innocent because the crimes occurred outside the State of Florida, the record refutes the claim. (Doc. 7 at 7) The post-conviction court denied Chavers's claim based on lack of jurisdiction as follows (Doc. 11-2 at 130–31):

> This matter came before the court upon Defendant's Motion for Relief of Judgment and Sentence Based on Lack of Subject Matter Jurisdiction and Requests for Emergency Habeas Corpus Instanter, filed on February 17, 2020, in case number 20-CA-579

7

> and transferred to this court on February 25, 2020, for consideration as a Motion for Post-conviction Relief. Upon consideration of the motion, the court finds as follows:
>
> Defendant claims the court was without subject matter jurisdiction as his charges stem from incidents alleged to have occurred in multiple jurisdictions. Defendant's motion is facially insufficient for failing to contain the oath required pursuant to Rule 3.850(n)(2). The motion is also without merit.
>
> Defendant was charged with five counts of sexual battery while in a position of familial or custodial authority over the victim, a child twelve years of age or older but less than eighteen. The five charged counts were alleged to have occurred between November 1, 2012, and January 17, 2013, in Polk County, Florida. The complaint affidavit indicates Defendant engaged in sexual intercourse with the victim multiple times beginning when the Defendant and victim lived in Jacksonville, Florida. The abuse continued as they moved to Statesboro, Georgia, and Ocala, Florida, prior to coming to Bartow, Florida. They lived in Bartow between November 2012 and January 2013, when all of the acts charged were alleged to have occurred. Defendant entered a plea to three counts in exchange for a thirty-year prison sentence followed by ten years of probation, and counts four and five were *nolle prossed*.
>
> The three acts charged and to which Defendant pled were alleged to have occurred between November 1, 2012, and January 17, 2013, when Defendant and the victim lived in Polk County. Defendant was not convicted or sentenced for acts that occurred in other jurisdictions. That Defendant also abused the victim in other jurisdictions prior to the acts in Polk County does not divest this Court of jurisdiction for the acts which occurred here. Accordingly, it is ordered and adjudged that Defendant's motion is denied.

An information and an arrest affidavit attached to the order substantiate the factual determinations by the post-conviction court. (Doc. 11-2 at 132–34) Because Chavers fails to demonstrate that no reasonable juror would have found him guilty, in light of any new reliable evidence, he fails to demonstrate that actual innocence excuses the time bar. *McQuiggin*, 569 U.S. at 386 ("[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not

meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'") (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Accordingly, it is **ORDERED** that Chavers's (Doc. 7) amended petition for a writ of habeas corpus is **DISMISSED** as time barred. The Clerk is **DIRECTED** to enter a judgment against Chavers and **CLOSE** this case.

### DENIAL OF CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED *IN FORMA PAUPERIS*

Because Chavers neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues that he seeks to raise, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE AND ORDERED** in Tampa, Florida on March 31, 2025.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

9